IN THE UNITED STATES DISTRIC COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Angela C. Warren, ) | C/A No.: 3:20-cv-04001-SAL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **OPINION & ORDER** |
| South Carolina Department of Corrections ) | |
| and Director Bryan P. Stirling, in his official ) | |
| capacity, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court for review of the Report and Recommendation of the United States Magistrate Judge Shiva V. Hodges (the "Report"), made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). [ECF No. 28.] For the reasons outlined herein, the court adopts the Report in its entirety.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Angela C. Warren ("Plaintiff") filed this action against Defendants, alleging claims of discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the South Carolina Human Affairs Law, S.C. Code Ann. § 1-13-10, *et seq.* ("SCHAL"). Plaintiff also asserts discrimination and retaliation claims pursuant to the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA"). Plaintiff alleges that Defendants discriminated against her by paying her less than her white, male counterpart, James Meek ("Meek"), hiring Meek instead of her for a job promotion, and retaliating against her after she complained about the unfair wages and discriminatory treatment. The Report sets forth in detail the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without recitation.

1

Defendants filed a motion for summary judgment on September 24, 2021, and Plaintiff filed her response on October 7, 2021.  [ECF Nos. 25, 26.]  Defendants filed a reply to Plaintiff's response on October 13, 2021. [ECF No. 27.]  On October 19, 2021, the Magistrate Judge issued the Report that is the subject of this order.  Therein, the Magistrate Judge recommends that the court grant Defendants' motion for summary judgment in its entirety.  [ECF No. 28.]  Plaintiff filed objections on November 2, 2021, and Defendants submitted a reply.  [ECF Nos. 30, 31.]  Accordingly, the matter is ripe for consideration by this court.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The court is charged with making a *de novo* determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).  In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'"  *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted).  A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities."  *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019).  It must "direct the court to a specific error in the magistrate's proposed

findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

## DISCUSSION

Plaintiff objects to the Report's application of the summary judgment standard, as well as the Report's recommendations regarding pretext for discrimination under Title VII, insufficient justification for unequal pay under the EPA, and the causal connection for retaliation. The court addresses each objection below.

### I. Improper Application of Summary Judgment Standard

Plaintiff's first objection to the Report is that the Magistrate improperly applied the summary judgment standard. [ECF No. 30 at 6–7.] Specifically, Plaintiff argues the Report errs by improperly weighing some evidence and overlooking other evidence. *Id.*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. In this case, the "governing laws" used to determine which facts might affect the

3

outcome of the suit are Title VII[1] and the EPA. Because these two laws are governed by different standards, the court considers them in turn below, beginning with Title VII.

**A. Title VII**

Title VII prohibits discrimination in the workplace, including discrimination on the basis of sex. 42 U.S.C. § 2000e-2. In the absence of direct evidence of discrimination, a Title VII claim proceeds under the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800–06 (1973), burden-shifting framework. Under this framework, the Plaintiff must first set forth a *prima facie* case of discrimination, and then the Defendant is required to produce a legitimate non-discriminatory reason for its decision. If the Defendant produces a non-discriminatory reason, the burden shifts back to Plaintiff to demonstrate that Defendant's proffered reason was pretext for discrimination.

The Report assumed that Plaintiff established her *prima facie* case of Title VII discrimination, and moved on to step two of the inquiry, finding that Defendants offered "multiple legitimate, nondiscriminatory reasons that Meek was compensated higher than Plaintiff when hired, including that he was in a higher position at DJJ, had more relevant experience, made more money prior to being hired, and negotiated for a higher salary when hired." [ECF No. 28 at 9.] Plaintiff's issue, therefore, is with the Report's application of the summary judgment standard at the third and final step of the *McDonnell* framework, which requires Plaintiff to demonstrate by a preponderance of the evidence that Defendant's proffered reasons were not the true reasons for its decision. *See Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 256 (1981).

---

[1] The state cause of action asserted in this case, the SCHAL claim set forth in S.C. Code Ann. §1-13-10 *et seq.*, proceeds under the same analysis as the Title VII claim. *Orr v. Clyburn*, 290 S.E.2d 804, 806 (1982). Thus, the court's analysis regarding the Title VII claim also applies to the SCHAL claim.

Plaintiff, in her argument to the Magistrate Judge, presented evidence of her educational background and experience, as well as evidence she maintained showed a pattern and practice of discrimination toward African American women. [ECF No. 28 at 10-13.]. The Magistrate Judge found that Plaintiff failed to directly address and rebut the non-discriminatory reasons provided for promoting Meek—particularly, that he had more relevant work experience than Plaintiff—or Defendants' explanation for Meek's higher compensation.

Plaintiff now argues that the Magistrate Judge failed to weigh the evidence in the light most favorable to the Plaintiff and erred by finding that Plaintiff's proffered pretext evidence did not respond to Defendant's argument. [ECF No. 30 at 7.] Plaintiff's objection cannot be sustained. The Report explained why the evidence of Plaintiff's superior educational background failed to establish that Defendant's reason for promoting Meek—that Meek had more relevant work experience—was false or pretext for discrimination. The Report also explained why Plaintiff failed to establish a valid comparator showing a pattern and practice of discrimination. Plaintiff objects to the Report's ultimate *conclusion* that she did not carry her burden of establishing pretext, which the court addresses in Section II. The Plaintiff, however, fails to point to any piece of evidence which the Report ignored or improperly construed against her. In sum, the court finds no error in the Report's application of the summary judgment standard and overrules Plaintiff's objection.

**B. EPA**

Plaintiff also argues that the Magistrate applied the wrong standard to the summary judgment motion as it relates to her EPA claim. Plaintiff bases this objection on the same evidence she presented in her Title VII claim above. Like Title VII claims, EPA claims proceed under a burden-shifting framework and require the Plaintiff to first establish her *prima facie* case. *See U.S. Equal*

*Emp. Opportunity Comm'n v. Maryland Ins. Admin.*, 879 F.3d 114, 121 (4th Cir. 2018). Once the plaintiff makes her *prima facie* case, unlike in a Title VII claim, "'the burdens of production *and* persuasion shift to the defendant-employer to show that' one of the EPA's affirmative defenses justifies the wage differential." *Abe v. Virginia Dep't of Env't Quality*, No. 3:20-cv-270, 2021 WL 1250346, at *2 (E.D. Va. Apr. 5, 2021) (quoting *Maryland Ins. Admin.*, 879 F.3d at 120)). The four affirmative defenses are: (1) a seniority system; (2) a merit system; (3) a pay system based on quantity or quality of output; or (4) a disparity based on any factor other than sex. *See id.*; 29 U.S.C. § 206(d)(1); *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974).

In this case, the Magistrate Judge assumed that Plaintiff established her *prima facie case* under the EPA but went on to conclude that Defendants established an affirmative defense by producing non-discriminatory reasons that explain Meek's higher salary, based on factors other than sex. The relevant inquiry, then, is whether the Report improperly applied the summary judgment standard in assessing whether Defendants proved their affirmative defense as a matter of law. *See Md. Ins. Admin.*, 879 F.3d 114, 121 (4th Cir. 2018).

In her objections, Plaintiff points only to evidence she used to argue her *prima facie* case under Title VII, which the Magistrate Judge assumed she established. Plaintiff fails to identify where the Report improperly applied the summary judgment standard in concluding that Defendants submitted evidence proving that the pay differential was in fact based on factors unrelated to sex. Namely, evidence that Meek held a higher position than Plaintiff at the Department of Juvenile Justice ("DJJ") before coming to SCDC, and, unlike Plaintiff, had more relevant experience, made more money prior to being hired, and negotiated for a larger salary when hired. *See* [ECF No. 28 16.] Importantly, as noted in the Report, Plaintiff did not dispute those reasons. *See id.* The evidence Plaintiff submitted as to her *prima facie* case does not refute Defendants' justification of

the payment differential and is not relevant here. Consequently, the court overrules Plaintiff's objection.

Because the Report properly applied the summary judgment standard to both the Title VII and EPA claims, Plaintiff's first objection must fail. Having resolved the objection regarding the application of the legal standard, the court now turns to Plaintiff's remaining objections, all of which relate to the sufficiency of evidence presented by Plaintiff.

## II. Pretext for discrimination under Title VII

Plaintiff objects to the Report's conclusion that she presented insufficient evidence to sustain her Title VII claim. Specifically, Plaintiff objects to the finding that she failed to show that the Defendants' legitimate reasons for disparate pay and hiring practices were pretext for discrimination.

As noted in Section I, the Report assumed that Plaintiff presented a *prima facie* case of discrimination under Title VII. The Report also found that Defendants offered multiple legitimate, nondiscriminatory reasons for hiring Meek at a higher salary than Plaintiff and later promoting Meek over Plaintiff. *See* [ECF No. 28 at 9–10.] Specifically, that Meek was in a higher position at his previous place of employment; he had more relevant experience; and he negotiated a higher salary before accepting his job while Plaintiff did not. *Id.* Additionally, Defendants offered job interview score sheets showing that Meek was the highest scoring candidate for the community services position and testimony that Meek had more relevant work experience than Plaintiff. *Id.* In response, Plaintiff offered evidence of her superior education, her experience, an alleged pattern of leaving African American women stagnant in the workplace, and testimony of other employees that they were unaware they could negotiate their salaries. *Id.* at 10-13. The Report found that

7

this evidence did not address Defendant's proffered reasons and was insufficient to demonstrate pretext.

In her objections, Plaintiff reargues the evidence she presented to the Magistrate Judge without pointing to a specific error in the Magistrate Judge's Report. As explained in the Report, the fact that Plaintiff had superior education to Meek does not rebut Defendants' assertion that Meek possessed more relevant experience for the position. [ECF No. 28 at 10.] Plaintiff cannot establish pretext by simply "focusing on minor discrepancies that do not cast doubt on the explanation's validity, or by raising points that are wholly irrelevant to it." *Hux v. City of Newport News*, 451 F.3d 311, 315 (4th Cir. 2006). Plaintiff emphasizes that she and another candidate, Lori Bennett ("Bennett"), "had Masters Degrees as required by the job posting" while Meek did not. [ECF No. 30 at 3, 8.] Plaintiff, however, omits that the job posting required *either* a master's degree and three years of relevant experience *or* a bachelor's degree and seven years of relevant experience. *See* [ECF No. 26-5.] And Plaintiff fails to allege or provide evidence that Meek did not possess a bachelor's degree and the requisite experience to qualify for the position.

With respect to the alleged pattern and practice of discrimination, as evidenced by Defendant's treatment of Plaintiff and Bennett, the Report found that the record was insufficient to establish Bennett as a comparator. *Id.* at 11–12. Specifically, the Report noted that "the record was devoid of evidence as to why Bennet did not receive an interview for the community services position or any other position." *Id.* at 11. In her objections, Plaintiff reasserts that she presented evidence of a "pattern of treatment of other African American women," but she fails to identify an error in the Report's finding that there was insufficient evidence in the record to establish a comparator. [ECF No. 30 at 8]; *see Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 223–24 (4th Cir. 2019) ("[T]o establish a valid comparator, the plaintiff must produce evidence that the plaintiff and comparator

8

. . . 'engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'" (quoting *Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010))). Likewise, with respect to the alleged discrimination in employee pay, the Report found the record insufficient to establish either Bennett or Mike Nichols as a valid comparator, *see* ECF No. 28 at 12–13, and Plaintiff fails to point to a specific error in this portion of the Report.

In sum, the Report properly found that the evidence presented by Plaintiff fails to establish that Defendants' proffered reasons were pretext for discrimination under Title VII. Having found no error, the court overrules Plaintiff's objection.

## III.     Insufficient Justification for Unequal Pay Under the EPA

This court previously found the Report applied the proper summary judgment standard to Plaintiff's EPA claim. We now address Plaintiff's objection to the Report's *evidentiary* finding as it relates to her EPA claim.

Once Plaintiff made her *prima facie* case under the EPA, the burdens of production and persuasion shifted to Defendant to establish that the salary difference was based on a factor other than sex. *Spencer v. Virginia State Univ.*, 919 F.3d 199, 206 (4th Cir. 2019), *as amended* (Mar. 26, 2019.) "Granting summary judgment on this ground require[s] the district court to find that the proffered reason did in fact explain the wage disparity, not merely that it could." *Id.* (quoting *Maryland Ins. Admin.*, 879 F.3d at 121.) As noted in the Report, Defendant provided evidence of its legitimate reasons for the disparity in pay—evidence that was not disputed or counteracted by Plaintiff—including that Meek was in a higher position than Plaintiff in his previous job, had more relevant experience, made more money prior to being hired, and negotiated for a larger salary before accepting his position while Plaintiff did not attempt to do so. [ECF No. 28 at 16.] Thus,

the evidence submitted *does in fact* explain the disparity in pay between Plaintiff and Meek based on factors other than sex, and the court finds that a rational jury could not reach a contrary conclusion.  *See Maryland Ins. Admin.*, 879 F.3d at 121.

In short, the Report properly found that Defendant met its burden and established an affirmative defense that a factor other than sex in fact explains the salary disparity, and the court overrules Plaintiff's objection.

### IV. *Prima Facie* Case of Retaliation

Finally, Plaintiff objects to the Report's finding that she failed to establish a *prima facie* case of retaliation under Title VII.  The Report explained that Plaintiff offered no causal connection beyond temporal proximity, and the temporal proximity she offered was too tenuous to support an inference of causation.  [ECF No. 28 at 15.]  Plaintiff does not object to the Report's finding as to temporal proximity.  Rather, she objects on the grounds that the Report should have looked to the "course of conduct between the parties" to find an inference of retaliatory animus.  [ECF No. 30 at 9.]  Even when looking to the course of conduct, however, Plaintiff's objection cannot stand.

A defendant's course of conduct may be sufficient to satisfy the element of causation in a retaliation case where the conduct consists of recurring retaliatory animus.  *Lettieri v. Equant Inc.*, 478 F.3d 640 (4th Cir. 2007).  Plaintiff's evidence, however, is insufficient to show that Defendants' conduct rose to this level.  A lower performance review and the promotion of a more qualified candidate in this instance do not demonstrate recurring retaliatory animus on the part of Defendants.  Moreover, Plaintiff testified that she did not have any facts showing retaliation.  *See* Warren Dep., Ex.1, 71:12-18.  Accordingly, the court finds that Plaintiff has not established a *prima facie* case of retaliation and overrules her objection.

## CONCLUSION

Having reviewed the Report, the objections, and the record before this court, and for the reasons set forth above, the court adopts the Report, ECF No. 28, in its entirety and incorporates the Report by reference herein. Therefore, it is the judgment of this court that Defendants' motion for summary judgment, ECF No. 25, is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon_____
United States District Judge

June 29, 2022
Columbia, South Carolina